UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENRYK OLEKSY, | ) |
| | ) |
| Plaintiff, | ) Case No. 06-CV-1245 |
| | ) |
| vs. | ) JURY TRIAL DEMANDED |
| | ) |
| GENERAL ELECTRIC COMPANY d/b/a | ) Judge Robert W. Gettleman |
| G.E. ENERGY | ) |
| | ) Magistrate Judge Martin C. Ashman |
| Defendant. | ) |

**DEFENDANT GENERAL ELECTRIC COMPANY'S ANSWER AND FIRST AMENDED COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant General Electric Company ("GE") answers Plaintiff's First Amended Complaint as follows:

1. Oleksy is an individual residing at 1308 Drawbridge Lane, Lemont, IL 60439.

**ANSWER**: GE is without sufficient knowledge to admit or deny the allegations of this paragraph and on that basis they are denied.

2. GE is a corporation organized and existing under the laws of the State of New York. GE is doing business in this judicial district and has its principal place of business at 3135 Easton Turnpike, Fairfield, CT 06828. GE may be served with process by serving its registered agent, CT Corporation System at 208 South LaSalle St., Suite 814, Chicago, IL 60604-1101.

**ANSWER**: Admitted.

3. This action arises under the patent laws of the United States, Title 35 United States Code, particularly §§ 271 and 281. This Court has jurisdiction over the claims for patent infringement under 28 U.S.C. §1338(a). Venue is proper in this Court under Title 28 United States Code §§ 1391(b) and (c) and 1400(b).

**ANSWER**: GE admits that the Plaintiff's complaint purports to state causes of action under the United States patent laws but denies that GE has violated any of those laws. GE admits that this Court has jurisdiction and that venue is proper in this Court.

4.  On January 5, 2000, Oleksy filed an application for a United States patent covering certain improvements to the machining of metal blocks. On September 10, 2002, U.S. Patent No. 6,449,529 B1 ("the '529 patent") was duly and legally issued for a "Process for Contour Machining of Metal Blocks." A copy of the '529 patent is attached to the Original Complaint, Docket No. 1.

**ANSWER**: Admitted that a copy of the '529 patent is attached to the Original Complaint, Docket No. 1, and that the '529 patent reflects that the application leading to that patent was filed on January 5, 2000. GE denies the remaining allegations of paragraph 4.

5.  The '529 patent, in general, relates to a method and process which improves the machining of metal objects, including metal blades utilized in steam turbine engines. Specifically, the claims of the '529 patent relate to a method and process for contour control machining of metal blocks into blades for use in steam turbine engines, among other things, by providing a control procedure for standard computer numerical control conventional milling machines in order to machine complex curved shapes and/or multiple complex curved surfaces in a single engineered component such as the root section of turbine blades.

**ANSWER**: Admitted that the '529 patent purports to relate to the information stated in paragraph 5, except that the "root section of a turbine blade" is a specifically claimed limitation in the '529 patent, not an exemplary embodiment.

6.  Oleksy is the owner of the '529 patent and has the right to enforce the '529 patent and collect damages for all relevant times.

**ANSWER**: Denied.

7.  Pursuant to 35 U.S.C. § 282, the '529 patent is presumed valid.

**ANSWER**: Admitted that 35 U.S.C. § 282 provides a rebuttable presumption that an issued patent is valid.

8. On March 8, 2006, Plaintiff Henryk Oleksy filed the present action alleging infringement of the '529 patent by GE and Alin Machining Company, Inc. Alin Machining Company, Inc. was dismissed from this action on October 1, 2009 after reaching a settlement agreement with Oleksy.

**ANSWER**: Admitted.

9. On October 2, 2006, GE filed a third-party request for Ex Parte Reexamination of all claims (1 through 4) of the '529 patent. The Request was given Reexam Control Number 90/,008,244. GE's request purported to raise several substantial new questions of patentability for all claims of the '529 patent.

**ANSWER**: GE denies that its request for Ex Parte Reexamination "purported" to raise several

substantial new questions of patentability because in fact, the United States Patent and

Trademark Office determined that GE's request for Ex Parte Reexamination did raise a

"substantial new question of patentability affecting claims 1-4 of United States Patent No.

6,449,529 B1." GE admits the remaining allegations of paragraph 9.

10. On December 22, 2006, the United States Patent and Trademark Office ("USPTO") granted GE's request for Ex Parte Reexamination.

**ANSWER**: Admitted.

11. On February 3, 2009, the USPTO issued an Ex Parte Reexamination Certificate which states that "NO AMENDMENTS HAVE BEEN MADE TO THE PATENT" and "AS A RESULT OF REEXAMINATION, IT HAS BEEN DETERMINED THAT: The patentability of claims 1-4 is confirmed."

**ANSWER**: Admitted.

12. Oleksy re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 11.

**ANSWER**: GE re-alleges and incorporates by reference its answers to paragraphs 1 through 11.

13. GE machines and manufactures metal blades for use in steam turbine engines. When manufacturing these objects, GE is infringing directly, by inducement, or by contributing to the infringement of all claims of the '529 patent.

**ANSWER**: GE admits that it manufactures metal blades for use in steam turbines. GE denies the remaining allegations of paragraph 13.

14. GE has known about the '529 patent since at least September 10, 2002, the issue date of the patent, when Oleksy telephoned Frank Schreier and sent Mr. Schreier an electronic message on or about the same day. Yet, GE has continued its actions despite an objectively high likelihood that these actions constituted infringement of the '529 patent. For instance, in response to the filing of this action, GE asserted counterclaims and defenses including, among others, 1) invalidity of the `529 patent and 2) that GE is the beneficial owner of the '529 patent or has an implied license or shop right to practice the inventions of the '529 patent. However, GE's subsequent request for ex parte reexamination of the '529 patent resulted in confirmation of the patentability of all of the '529 patent's claims without amendment. Such confirmation from the USPTO substantially undermines GE's invalidity counterclaim. Additionally, to date GE has not produced evidence in this action supporting its contention that it is the beneficial owner or has an implied license or shop right to practice the inventions of the '529 patent.

**ANSWER**: GE admits that it learned of the '529 patent when Oleksy telephoned Frank Schreier on September 10, 2002, and sent Mr. Schreier an electronic mail message on or about the same day. GE denies the remaining allegations of paragraph 14.

15. Finally, upon information, belief and GE's recent December 4, 2009 document production, GE took affirmative actions to copy the inventions claimed in the '529 patent. For at least these reasons, the likelihood that GE's actions constituted infringement of the '529 patent was known or was so obvious that it should have been known by GE. Accordingly, GE's infringement, inducement to infringe and/or contributory infringement has been and continues to be willful and deliberate.

**ANSWER**: Denied.

16. To the extent required by law, Oleksy has complied with the marking requirements of 35 U.S.C. § 287.

**ANSWER**: GE is without sufficient knowledge to admit or deny the allegations of this paragraph and on that basis they are denied.

17.     As a result of GE's - infringing conduct, GE -has damaged Oleksy.  GE is liable to Oleksy in an amount that adequately compensates Oleksy for its infringement, which, by law, can in no event be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**ANSWER**:  Denied.

18.     As a consequence of GE's infringement of the '529 patent, Oleksy has been irreparably damaged and such damage will continue without the issuance of an injunction by this Court under 35 U.S.C. § 283.

**ANSWER**:  Denied.

19.     Oleksy demands a jury trial on all claims and issues.

**ANSWER**:  GE demands a jury trial on all claims and issues.

## ADDITIONAL DEFENSES

1.      GE does not infringe and has not infringed any claim of the '529 patent.

2.      The '529 patent is invalid under 35 U.S.C. § 101 because it claims a method that is not patentable.

3.      The '529 patent is invalid under 35 U.S.C. § 102 as anticipated by certain prior art references.

4.      The '529 patent is invalid under 35 U.S.C. § 103 as obvious over certain prior art references.

5.      The '529 patent is invalid for failing to satisfy at least one of the requirements of 35 U.S.C. § 112.

6.      The '529 patent is invalid under 35 U.S.C. § 102(b) because products manufactured using the claimed method of the '529 patent were sold or offered for sale more than one year prior to the date of the application for the '529 patent.

7. Plaintiff is estopped from asserting or maintaining a construction of the patent-in-suit, the '529 Patent, or its claims, that would cover or read upon the method of machining and/or manufacturing metal blades sold by GE for the reasons that, during the prosecution of the application for said patent, the Patentee, or the Patentee's duly authorized representative(s), acting on requirements of the U.S. Patent and Trademark Office, and by reason of references cited against the application, so limited the claims of said patent as to exclude from the scope of such claims any act(s) of GE.

8. Plaintiff is barred from recovery for any of the acts alleged to have been performed by GE for the reason that GE is the beneficial owner of the '529 patent.

9. Plaintiff is barred from recovery for any of the acts alleged to have been performed by GE for the reason that the Plaintiff is not the beneficial owner of the '529 patent.

10. GE holds an implied license or a shop right to practice the invention(s) of the '529 Patent and is not liable to the Plaintiff for any alleged acts of infringement performed because the Plaintiff used GE's equipment, time, personnel, and/or other resources to create the methods and teachings of the '529 Patent.

11. GE holds equitable title to the '529 patent, and is therefore not liable to Plaintiff for any alleged acts of infringement.

## COUNTERCLAIMS

For its Counterclaims, GE states as follows:

### THE PARTIES

1. GE is a New York corporation with its principal place of business at 3135 Easton Turnpike, Fairfield, CT 06431.

2. On information and belief, based on the allegations in his Complaint, Oleksy is an individual residing at 1308 Drawbridge Lane, Lemont, IL 60439.

3. The Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. § 1 et seq. There is an actual controversy between the parties regarding whether U.S. Patent No. 6,449,529 ("the '529 patent") is invalid or infringed by GE. The Court has subject matter jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1338.

4. This Court has personal jurisdiction over Counterclaim Defendant Oleksy due to his admitted residence in this judicial district.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391, 1400. In any event, venue is proper because Oleksy has consented to venue by commencing this litigation.

### COUNT I

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6. GE repeats and incorporates by reference the allegations of paragraphs 1-5 above.

7. Oleksy asserts in this lawsuit that GE has infringed at least four claims of the '529 patent.

8. GE does not infringe any claim of the '529 patent.

9. There is thus a present case and controversy as to whether GE infringes one or more claims of the '529 patent.

10. GE is entitled to a declaratory judgment that GE does not infringe the '529 patent.

## COUNT II

## DECLARATORY JUDGMENT OF PATENT INVALIDITY

11. GE repeats and incorporates by reference the allegations of paragraphs 1-5 above.

12. Oleksy asserts in this lawsuit that GE has infringed at least four claims of the '529 patent.

13. The claims of the '529 patent are invalid for failure to satisfy one or more of the requirements of patentability, including, without limitation, sections 101, 102, 103, and 112 of Title 35 of the United Sates Code.

14. There is thus a present case and controversy as to whether the claims of the '529 patent are valid.

15. GE is entitled to a declaratory judgment that the claims of the '529 patent are invalid.

## COUNT III

## BREACH OF CONTRACT

16. GE repeats and incorporates by reference the allegations of paragraphs 1-15 above.

17. During 1998, Oleksy was employed by Preferred Machine & Tool Products Corp., and assigned to perform duties for GE.

18. GE and Oleksy entered into a Patent, Proprietary Information and Waiver Agreement (the "Patent Agreement") relating to the ownership of inventions and innovations made by Oleksy during his assignment to GE.

19. The Patent Agreement requires Oleksy to disclose and assign all inventions or innovations he developed or conceived, solely or jointly, during his assignment to GE that relate to his duties at GE, that result from work performed at GE, or that are otherwise made through the use of GE time, facilities, or materials.

20. Oleksy conceived of the material leading to the '529 patent while he was assigned to GE.

21. Oleksy failed to assign the '529 patent to GE, and is thus in breach of the Patent Agreement.

22. GE has suffered damages as a result of Oleksy's breach of the Patent agreement.

**PRAYER FOR RELIEF**

WHEREFORE, GE asks this Court to enter judgment as follows:

a. Dismissing the Complaint in its entirety with prejudice;

b. Entering a judgment that GE does not now and has not in the past infringed any claim of the '529 patent;

c. Entering a judgment that the claims of the '529 patent are invalid;

d. Enjoining Oleksy from continuing to assert that GE is infringing the '529 patent;

e. Finding that this is an exceptional case under 35 U.S.C. § 285 or that Oleksy is engaging in vexatious litigation under 28 U.S.C. § 1927 or both and awarding GE its attorneys' fees with respect to the patent claims in the case;

  f.  Awarding costs to GE;

  g.  Entering an order that GE is the owner of the '529 patent, and ordering Oleksy to assign all right and title to the '529 patent to GE;

  h.  On GE's Breach of Contract claim, entering judgment against Oleksy for the amount of damages as proven at trial; and

  i.  Awarding GE such further relief that is just and proper under the circumstances.

Dated: January 20, 2010        GENERAL ELECTRIC COMPANY

                  By: /s/ Bradford P. Lyerla
                     Bradford P. Lyerla
                     Paul B. Stephens
                     John R. Labbé
                     MARSHALL, GERSTEIN & BORUN LLP
                     6300 Sears Tower
                     233 South Wacker Drive
                     Chicago, IL 60606-6357
                     Telephone: (312) 474-6300
                     Facsimile: (312) 474-0448

                     *Counsel for Defendant General Electric Co.*

## CERTIFICATE OF SERVICE

I am an attorney and on January 20, 2010, I caused **DEFENDANT GENERAL ELECTRIC COMPANY'S ANSWER AND FIRST AMENDED COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**, to be served via the Court's ECF system upon the following counsel of record:

>Timothy J. Haller
>Frederick C. Laney
>Brian E. Haan
>NIRO, SCAVONE, HALLER & NIRO
>181 West Madison, Suite 4600
>Chicago, Illinois 60602 4515
>haller@nshn.com
>laney@nshn.com
>bhaan@nshn.com
>
>*Counsel for Plaintiff Henryk Oleksy*

>   /s/ Scott A. Sanderson
>Scott A. Sanderson