IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENRYK OLEKSY,<br><br>                              Plaintiff,<br><br>       v.<br><br>GENERAL ELECTRIC COMPANY,<br><br>                              Defendant.<br>────────────────────<br>GENERAL ELECTRIC COMPANY,<br><br>                    Counter-Claimant,<br><br>       v.<br><br>HENRYK OLEKSY,<br><br>                    Counter-Defendant. | Civil Action No.  1:06-cv-01245<br><br>Judge Robert W. Gettleman<br>Magistrate Judge Martin C. Ashman<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF HENRYK OLEKSY'S ANSWER TO GENERAL
ELECTRIC COMPANY'S FIRST AMENDED COUNTERCLAIMS
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff/Counter-Defendant  Henryk  Oleksy  ("Oleksy")  hereby  responds  to

Defendant/Counter-Claimant General Electric Company's ("GE") First Amended Counterclaims

to Plaintiff's First Amended Complaint as follows:

## COUNTERCLAIMS

### THE PARTIES

1.      GE is a New York corporation with its principal place of business at 3135 Easton
Turnpike, Fairfield, CT 06431.

**RESPONSE:**

On information and belief, based on the allegations in its counterclaims, GE is a New York corporation with its principal place of business at 3135 Easton Turnpike, Fairfield, CT 06431.

2.     On information and belief, based on the allegations in his Complaint, Oleksy is an individual residing at 1308 Drawbridge Lane, Lemont, IL 60439.

**RESPONSE:**

Admitted.

3.     The Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. § 1 et seq. There is an actual controversy between the parties regarding whether U.S. Patent No. 6,449,529 ("the '529 patent") is invalid or infringed by GE. The Court has subject matter jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1338.

**RESPONSE:**

Admitted.

4.     This Court has personal jurisdiction over Counterclaim Defendant Oleksy due to his admitted residence in this judicial district.

**RESPONSE:**

Admitted.

5.     Venue is proper in this Court under 28 U.S.C. §§ 1391, 1400. In any event, venue is proper because Oleksy has consented to venue by commencing this litigation.

**RESPONSE:**

Admitted.

**COUNT I**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

6.     GE repeats and incorporates by reference the allegations of paragraphs 1-5 above.

**RESPONSE:**

Oleksy repeats and incorporates by reference his responses to paragraphs 1-5 above.

7.      Oleksy asserts in this lawsuit that GE has infringed at least four claims of the '529 patent.

**RESPONSE:**

Admitted.

8.      GE does not infringe any claim of the '529 patent.

**RESPONSE:**

Denied.

9.      There is thus a present case and controversy as to whether GE infringes one or more claims of the '529 patent.

**RESPONSE:**

Oleksy admits that there is a present case and controversy as to whether GE infringes one or more claims of the '529 patent, but denies that GE does not infringe the '529 patent.

10.     GE is entitled to a declaratory judgment that GE does not infringe the '529 patent.

**RESPONSE:**

Denied.

## COUNT II

## DECLARATORY JUDGMENT OF PATENT INVALIDITY

11.     GE repeats and incorporates by reference the allegations of paragraphs 1-5 above.

**RESPONSE:**

Oleksy repeats and incorporates by reference his responses to paragraphs 1-5 above.

12.     Oleksy asserts in this lawsuit that GE has infringed at least four claims of the '529 patent.

**RESPONSE:**

Admitted.

13.     The claims of the '529 patent are invalid for failure to satisfy one or more of the requirements of patentability, including, without limitation, sections 101, 102, 103, and 112 of Title 35 of the United Sates Code.

**RESPONSE:**

Denied.

14.     There is thus a present case and controversy as to whether the claims of the '529 patent are valid.

**RESPONSE:**

Oleksy admits that there is a present case and controversy as to whether the claims of the

'529 patent are valid, but denies that the claims of the '529 patent are invalid.

15.     GE is entitled to a declaratory judgment that the claims of the '529 patent are invalid.

**RESPONSE:**

Denied.

## COUNT III

## BREACH OF CONTRACT

16.     GE repeats and incorporates by reference the allegations of paragraphs 1-15 above.

**RESPONSE:**

Oleksy repeats and incorporates by reference his responses to paragraphs 1-15 above.

17.     During 1998, Oleksy was employed by Preferred Machine & Tool Products Corp., and assigned to perform duties for GE.

**RESPONSE:**

Denied.

18.     GE and Oleksy entered into a Patent, Proprietary Information and Waiver Agreement (the "Patent Agreement") relating to the ownership of inventions and innovations made by Oleksy during his assignment to GE.

**RESPONSE:**

Denied.

19.     The Patent Agreement requires Oleksy to disclose and assign all inventions or innovations he developed or conceived, solely or jointly, during his assignment to GE that relate to his duties at GE, that result from work performed at GE, or that are otherwise made through the use of GE time, facilities, or materials.

**RESPONSE:**

Denied.

20.     Oleksy conceived of the material leading to the '529 patent while he was assigned to GE.

**RESPONSE:**

Denied.

21.     Oleksy failed to assign the '529 patent to GE, and is thus in breach of the Patent Agreement.

**RESPONSE:**

Admitted that Oleksy has not assigned the '529 patent to GE; otherwise denied.

22.     GE has suffered damages as a result of Oleksy's breach of the Patent Agreement.

**RESPONSE:**

Denied.

**HENRYK OLEKSY'S**

**AFFIRMATIVE DEFENSES**

Henryk Oleksy asserts the following Affirmative Defenses against Counterclaimant's Amended Counterclaims and reserves the right to further amend as additional information becomes available:

1.     GE's counterclaims and defenses fail to state claims upon which relief can be granted.

5

2.      GE's counterclaims and defenses fail to comply with Fed.R.Civ.P. 8 and 12(b)(6).

3.      GE's third counterclaim (Count III) is barred by the applicable statute of limitations 735 ILCS 5/13‑205 or 735 ILCS 5/13‑206.

4.      GE's third counterclaim (Count III) is barred by the applicable statute of frauds 740 ILCS 80/0.01 et seq.

5.      GE has waived or is otherwise estopped from making the claims asserted in its third counterclaim (Count III).

6.      GE's third counterclaim (Count III) is barred by laches.

7.      GE's third counterclaim (Count III) is barred by its unclean hands.

8.      GE's third counterclaim (Count III) is barred by the parol evidence rule.

9.      GE's third counterclaim (Count III) fails for lack of mutuality or assent.

## PRAYER FOR RELIEF

WHEREFORE, Oleksy requests judgment in his favor on GE's counterclaims, an award of his costs, fees, and expenses as provided by law, and any other and further relief to which Oleksy may be entitled to, or the Court or a jury may award.

## JURY DEMAND

Henryk Oleksy demands a trial by jury on all issues properly triable to a jury.


Respectfully submitted,

/s/    Brian E. Haan
Timothy J. Haller (IL Bar No. 3125265)
Frederick C. Laney (IL Bar No. 6276280)
Brian E. Haan (IL Bar No. 6296654)
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602 4515

Phone: (312) 236 0733
Facsimile: (312) 236 3137
haller@nshn.com
laney@nshn.com
bhaan@nshn.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2010, I caused the foregoing **PLAINTIFF HENRYK OLEKSY'S ANSWER TO GENERAL ELECTRIC COMPANY'S FIRST AMENDED COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

*Counsel for General Electric Company*

Bradford P. Lyerla
John Randolph Labbé
Paul Bryan Stephens
Russell Charles Petersen
Marshall, Gerstein & Borun
233 South Wacker Drive
6300 Sears Tower
Chicago , IL 60606-6357
(312) 474-6300
( 312) 474-0448 - Fax
blyerla@marshallip.com
jlabbe@marshallip.com
pstephens@marshallip.com
rcp@marshallip.com


/s/ Brian E. Haan
*Counsel for Plaintiff*