IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENRYK OLEKSY, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | )    6 C 1245 |
| | ) |
| GENERAL ELECTRIC COMPANY, | )    Judge Virginia M. Kendall |
| | ) |
| Defendant. | )<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

Defendant General Electric Company seeks leave to file a motion for summary judgment of non-infringement. (Dkt. No. 521.) According to GE, it's motion for summary judgment hinges on a legal issue—the construction of "at least a three-axis computer numerical control milling machine," which appears in claim 1 of U.S. Patent No. 6,449,529. GE proposes a construction that limits the method disclosed in claim 1 of the '529 patent to one that uses a computer numerical controlled ("CNC") milling machine having three—and no more than three—axes. If this Court were to adopt GE's proposed construction, then GE claims that its accused method would not infringe because GE's method uses a four-axis CNC milling machine. This Court will not grant GE leave to file a motion for summary judgment, however, because GE's proposed construction of "at least a three-axis computer numerical control milling machine" is incorrect. The correct construction of "at least a three-axis computer numerical control milling machine" is a CNC milling machine with three or more axes.

A basic principle of claim construction is that claim terms receive their plain and ordinary meaning as understood by a person of ordinary skill in the art. *Allergan, Inc. v. Apotex, Inc.*, 754 F.3d 952, 957 (Fed. Cir. 2014). Here, GE's expert, Dr. Thomas Kurfess, testified that a

person of ordinary skill in the art with respect to claim 1 of the '529 patent would have a high school diploma and would have worked with CNC milling machines for at least five years, to include programming, setting up, and running CNC milling machines. Plaintiff Henryk Oleksy has not clearly articulated his views as to the level of ordinary skill in the art. In his brief, Oleksy notes that one of his experts, Kent Hanson, is a person of ordinary skill in the art. (Dkt. No. 534 at 3.) Mr. Hanson has a college degree and has worked with CNC milling machines for more than thirty years. His actual skill in the art exceeds the level of ordinary skill in the art proposed by GE, and likely exceeds the level of skill in the art applicable here. For purposes of construing "at least a three-axis computer numerical control milling machine," this Court will apply GE's proposed level of skill in the art. Based on testimony presented at the August 7, 2014, claim construction hearing, applying GE's proposed level of ordinary skill in the art will not affect the construction of the disputed claim term. The dispute claim term implicates a basic principle of working with CNC milling machines: understanding code produced by software used in conjunction with CNC milling machines, which both Mr. Hanson and the person of ordinary skill in the art proposed by Dr. Kurfess would understand

When construing claim terms, courts should rely primarily on the claim language, the specification, and the prosecution history. *Vederi, LLC v. Google, Inc.*, 744 F.3d 1376, 1382 (Fed. Cir. 2014). Here, the claim language supports two equally plausible meanings of "at least a three-axis computer numerical control milling machine." The phrase "at least" could modify either "three-axis" or "machine." If the former, then the CNC milling machine required by the claim must have at least three axes; if the latter, then the claim requires a CNC milling machine having only three axes. Because the claim language supports either construction, this Court must turn to the specification and, if necessary, the prosecution history to determine which construction is appropriate. *See Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573, 1579 (Fed. Cir. 1996) (turning to intrinsic record for guidance when claim language presents two equally plausible meanings).

The specification indicates that "at least" modifies the number of axes that the CNC milling machine disclosed in the claim must have. The specification includes an example of the claimed method that used a four-axis CNC milling machine. ('529 Patent, 3:52-59.) Code produced when using the claimed method indicates movement along the Y, Z, and A axes of a four-axis CNC milling machine. The code does not indicate any movement along the X-axis

beyond that necessary to get the CNC milling machine to the appropriate starting position. Mr. Hanson and Dr. Kurfess agree that this example shows that Oleksy used a four-axis CNC milling machine to demonstrate his claimed method. Because courts generally should not construe claims in a manner that would exclude disclosed embodiments, *GE Lighting Solutions, LLC v. AgiLight, Inc.*, 750 F.3d 1304, 1311 (Fed. Cir. 2014), and because the only embodiment disclosed in the specification used a four-axis CNC milling machine, a construction that limits the disputed claim term to only three axes would be inappropriate.

Mr. Hanson and Dr. Kurfess also agree that a three-axis CNC milling machine having two linear axes and one rotary axis, which is the CNC milling machine GE seeks to limit Oleksy's method to, does not exist. Neither can recall ever seeing such a CNC milling machine. Typically, CNC milling machines having a rotary table also have three linear axes. Consequently, a person of ordinary skill in the art would have understood references in the '529 Patent to "a three axis computer numerical control vertical machining center with rotary table," (*see*, *e.g.*, '529 Patent, 4:54:57), as referring to a four-axis CNC milling machine. This is particularly true in the context of the '529 Patent as the example in the specification indicates that Oleksy used a four-axis CNC milling machine. Therefore, the plain and ordinary meaning of "at least a three-axis computer numerical control milling machine" must be a CNC milling machine with three or more axes.

Courts depart from the plain and ordinary meaning of a claim term where the patentee defines the claim term in the specification or disavows the full scope of the claim term in the specification or in the prosecution history. *Starhome GmbH v. AT&T Mobility LLC*, 743 F.3d 849, 856 (Fed. Cir. 2014). There is no reason to depart from the plain and ordinary meaning in this case. Neither party claims that Oleksy gave "at least a three-axis computer numerical control

3

milling machine" anything other than its plain and ordinary meaning. And neither the specification nor the prosecution history contains a clear and unmistakable disavowal of claim scope.

Although an affirmative disclaimer of claim scope is not required, prosecution disclaimer nonetheless requires a "clear and unambiguous disavowal of claim scope." *Saffran v. Johnson & Johnson*, 712 F.3d 549, 559 (Fed. Cir. 2013) ("applicants rarely submit affirmative disclaimers along the lines of 'I hereby disclaim the following . . . ' ") (ellipsis in original). Here, Oleksy amended his claim to add the disputed claim term to overcome a rejection by the examiner. But this amendment just makes clear that the claimed method requires a CNC milling machine. The same is true with respect to references to more expensive four- or five-axis machines. While these references indicate that the claimed method does not require four- or five-axis machines, they do not foreclose the use such machines. As shown in the example disclosed in the specification, the claimed method uses three axes even when performed on a four-axis CNC milling machine. This method, and not the machine the method used, is how Oleksy distinguished his claimed method from the prior art referenced by GE. (*See*, *e.g.*, Dkt. No. 536-1, Ex. F at 8 ("Ho teaches machining of complex and concave surfaces, using ball-end milling tolls, not a spinning form cutter and a rotating table . . . ."); *see also*, *e.g.*, Dkt. No. 536-1, Ex. G at 5 ("The Heaman '369 patent does not teach, suggest, or imply machining within a metal block to prepare hooks for attaching turbine blades to the turbine rotor . . . .").)

There are also instances in the prosecution history where Oleksy describes a CNC milling machine by the total number of axes the machine has. For example, Oleksy describes a five-axis CNC milling machine as one that has four linear axes and a rotary table. This description is consistent with Dr. Kurfess's view that a person of ordinary skill in the art would define a CNC

milling machine by the total number of axes the machine has. But the inclusion of "at least" in the disputed claim term limits the significance of how a person of ordinary skill in the art would describe a CNC milling machine having multiple axes. Even if Oleksy referred to a three-axis CNC milling machine comprised of two linear axes and one rotary axis in the '529 Patent, the example Oleksy provided in the specification indicates that "at least" modifies the number of axes such that one could perform the claimed method on a four-axis CNC milling machine. None of the statements in the prosecution history identified by GE, alone or in combination, clearly and unmistakably indicate otherwise.

## CONCLUSION

Although the language of the disputed claim term is amenable to two equally plausible meanings, the specification indicates that Oleksy used a four-axis CNC milling machine to demonstrate his claimed method. Therefore, to ensure that the only independent claim in the '529 Patent embodies the only disclosed embodiment of the claimed method, the phrase "at least" in the disputed claim term must modify the number of axes the "three-axis computer numerical control milling machine." As a result, this Court construes "at least a three-axis computer numerical control milling machine" to mean a CNC milling machine with three or more axes. Because this Court does not adopt GE's proposed construction, which is critical to GE's proposed motion for summary judgment, this Court denies GE's motion seeking leave to file a motion for summary judgment of non-infringement.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: August 27, 2014

5