**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

HENRYK OLEKSY,                              )
                                           )
                    Plaintiff,             )      06-cv-1245
                                           )
        v.                                 )      Jeffrey T. Gilbert
                                           )      Magistrate Judge
GENERAL ELECTRIC COMPANY,                  )
                                           )
                    Defendant.             )

## MEMORANDUM OPINION AND ORDER

Plaintiff Henryk Oleksy ("Oleksy") sued Defendant General Electric Company ("GE")

for patent infringement. On September 29, 2015, the presiding District Judge ruled that GE did

not infringe on Oleksy's patent and, consequently, granted summary judgment in its favor. [ECF

Nos. 717, 718]. After that, GE filed a bill of costs seeking $153,700.73. [ECF No. 728-1].

Oleksy objected to the original bill of costs, and GE subsequently filed an amended bill of costs

(the "Amended Bill of Costs") that slightly reduced the sought-after total to $150,564.09. GE's

Amended Bill of Costs, [ECF No. 754-3]. Oleksy then filed a sur-reply arguing that GE should

recover only $74,030.71. Plaintiff's Sur-Reply in Opposition to Defendant's Revised Bill of

Costs ("Oleksy's Sur-Reply"), [ECF No. 766], at 15. After these filings, the District Judge

referred GE's bill of costs to this Magistrate Judge. [ECF No. 767].

For the reasons stated below, the Court grants in part and denies in part the Amended Bill

of Costs, and awards $94,813.95 in costs.

### I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d), a court may award costs other than

attorney's fees to a prevailing party as long as no federal statute, Federal Rule of Civil

Procedure, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1). To be awardable, a cost

must satisfy two requirements. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

It must be taxable under a federal statute. *Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d

442, 450 (7th Cir. 2007). 28 U.S.C. § 1920, the relevant statute for this case, enumerates six

categories of taxable fees:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for
> use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials
> where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and
> salaries, fees, expenses, and costs of special interpretation services under section
> 1828 of this title.
> 28 U.S.C. § 1920; *see also Massuda v. Panda Express, Inc.*, 2014 WL 148723, at *5
> (N.D. Ill. Jan. 15, 2014).

A cost also must be "both reasonable and necessary to the litigation." *Little v. Mitsubishi*

*Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008); *see also Majeske*, 218 F.3d at 824. The

burden of showing that a cost was necessarily incurred and reasonable falls on the prevailing

party. *Trustees of Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890,

906 (7th Cir. 2009). Although there is a strong presumption that costs will be awarded, that

presumption does not relieve the prevailing party of this burden. *Life Plans, Inc. v. Sec. Life of*

*Denver Ins. Co.*, 52 F. Supp. 3d 893, 903 (N.D. Ill. 2014). Only after the prevailing party has

satisfied its burden does the non-prevailing party "then bear[] the burden to affirmatively show

that the taxed costs are not appropriate." *Bonds v. Fizer*, 69 F. Supp. 3d 799, 803 (N.D. Ill.

2014). Ultimately, a court has broad discretion when deciding whether to award costs, and the

Seventh Circuit gives "'virtually complete' deference" to a court's exercise of this discretion. *In*

2

*re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 854 (N.D. Ill. 2015) (quoting *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 989 (7th Cir. 2001)).

## II. DISCUSSION

In the Amended Bill of Costs, GE breaks the costs that it seeks to recover into seven categories. The Court will address each in turn.

### A. Fees of the Clerk: $0.00 Awarded of $250.00 Requested

In the Amended Bill of Costs, GE lists $250.00 as fees of the clerk. Amended Bill of Costs, [ECF No. 754-3], at 2. This amount is comprised of five payments of $50.00 to the Clerk of Court for the *pro hac vice* admission of five GE attorneys. [ECF No. 728-2]. GE contends that this expense is taxable under 28 U.S.C. § 1920(1). Oleksy objects to the entire $250.00 and asserts that § 1920(1) does not encompass *pro hac vice* admission fees.

Section 1920(1) does not "specifically" address the issue presented by the parties' disagreement. *Knauff v. Dorel Juvenile Grp., Inc.*, 2010 WL 2545424, at *1 (W.D. Tex. June 21, 2010). Instead, it provides that "fees of the clerk" are taxable. 28 U.S.C. § 1920(1). A circuit split has developed over whether this general language permits the award of *pro hac vice* fees. *Compare Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013) *with Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009).

In the Seventh Circuit, there is at least some authority to support both sides of the split. A few district courts, with little or no analysis, have awarded *pro hac vice* fees. *See, e.g., Horina v. City of Granite City, Illinois*, 2007 WL 489212, at *2 (S.D. Ill. Feb. 9, 2007); *Brita Wasser-Filter-Systeme GmbH v. Recovery Eng'g, Inc.*, 1999 WL 446830, at *3 (N.D. Ill. June 24, 1999). In one case, the court of appeals affirmed without any explanation such an award. *United States v. Emergency Med. Associates of Illinois, Inc.*, 436 F.3d 726, 730 (7th Cir. 2006). The weight of

3

authority in this Circuit, however, indicates that courts normally decline to award *pro hac vice* fees. *See, e.g.*, *Endotach LLC v. Cook Med. LLC*, 2016 WL 912681, at *2 (S.D. Ind. Mar. 10, 2016); *SP Techs., LLC v. Garmin Int'l, Inc.*, 2014 WL 300987, at *1 (N.D. Ill. Jan. 10, 2014); *Local 881 United Food & Commercial Workers Union v. Food Club of Indiana*, 2011 WL 3501721, at *3 (N.D. Ind. Aug. 10, 2011); *Nilssen v. Osram Sylvania, Inc.*, 2007 WL 257711, at *1 (N.D. Ill. Jan. 23, 2007), *aff'd*, 528 F.3d 1352 (Fed. Cir. 2008); *Adler v. B.C. Ziegler & Co.*, 2006 WL 3771825, at *1 (E.D. Wis. Dec. 21, 2006); *Abrams v. Van Kampen Funds, Inc.*, 2006 WL 452419, at *5 (N.D. Ill. Feb. 21, 2006); *Liquid Dynamics Corp. v. Vaughan Co.*, 2002 WL 31207212, at *1 (N.D. Ill. Oct. 2, 2002); *cf. Brown v. Colgate-Palmolive Co.*, 2006 WL 3197455, at *2 (S.D. Ind. May 17, 2006). This also is the practice of "the majority of courts" throughout the country. *Awad v. Ziriax*, 2014 WL 1572804, at *1 n.2 (W.D. Okla. Apr. 17, 2014).

Consistent with this weight of authority, the Court will not award GE its *pro hac vice* fees. Therefore, the Court will not award any of the $250.00 that GE lists as fees of the clerk in the Amended Bill of Costs.

## B. Fees for Service of Summons and Subpoenas: $655.00 Awarded of $2,108.00 Requested

In the Amended Bill of Costs, GE lists $2,108.00 as fees for service of summons and subpoenas. Amended Bill of Costs, [ECF No. 754-3], at 2. The parties address this amount in two parts.

### 1. Service of Summons Fees: $375.00 Awarded of $1,436.00 Requested

The main portion of the $2,108.00 is $1,436.00 that GE paid for service of summons. Defendant General Electric's Reply in Support of Its Bill of Costs ("GE's Reply"), [ECF No. 754], at 3; [ECF No. 728-3], at 3. This expense was incurred for seventeen attempts, all but one

4

of which appears to have been successful, to serve various individuals and corporations. [ECF No. 728-3]. According to GE's summary list and invoices, GE paid, on a per attempt basis, (1) $35.00 for six attempts, (2) $85.00 for seven attempts, (3) $98.00 for two attempts, (4) $175.00 for one attempt, and (5) $260.00 for one attempt. *Id.* at 3, 11-17. GE argues that these fees are taxable under 28 U.S.C. § 1920(1) as fees of the marshal. Oleksy claims that GE's recovery should be limited to $440.00 for two reasons.

Oleksy first argues that GE has not submitted the information necessary to support its request. Under 28 U.S.C. § 1920(1), fees for private process servers may be taxable when "their rates do not exceed the cost of service of process had the U.S. Marshal effectuated service of process." *Thayer v. Chiczewski*, 2010 WL 3087447, at *3 (N.D. Ill. Aug. 4, 2010). If a party seeks to recover private service fees without providing evidence of what hourly rate the private server charged, how much time he spent trying to serve process, or other information needed to determine if his rate exceeded that charged by the Marshal, then the appropriate practice is to award the lesser of the amount that the party actually paid and "the minimum charge of the U.S. Marshals." *SP Techs.*, 2014 WL 300987, at *2; *see also Small v. Ford Motor Co.*, 2015 WL 203178, at *2 (S.D. Fla. Jan. 14, 2015); *Manson v. City of Chicago*, 825 F. Supp. 2d 952, 956 (N.D. Ill. 2011); *Highway Commercial Servs., Inc. v. Midwest Trailer Repair, Inc.*, 2011 WL 3159128, at *3 (N.D. Ill. July 26, 2011); *Serwatka v. City of Chicago*, 2011 WL 2038725, at *3 (N.D. Ill. May 24, 2011); *Perry v. City of Chicago*, 2011 WL 612342, at *3 (N.D. Ill. Feb. 15, 2011); *Vardon Golf Co. v. Karsten Mfg. Corp.*, 2003 WL 1720066, at *8 (N.D. Ill. Mar. 31, 2003).

As stated above, the documentation that GE has submitted reflects only the amount that GE was charged. [ECF No. 728-3], at 11-17. Even after Oleksy noted this deficiency, GE did

not supplement the record. Instead, in its reply brief, GE defended the position that it was entitled to a minimum of $55.00 for every attempt that cost more than that. GE's Reply, [ECF No. 754], at 1-2. Because the Court cannot determine the rate charged by GE's process servers, GE cannot recover more than $55.00 for any attempt at service.[1]

Oleksy also argues that GE should not recover any of the fees that it paid to serve people it did not depose. Oleksy represents that GE never deposed five people who it successfully served (one of them after two attempts), and that it did not depose one person that it successfully served twice in 2010 until after it served him again in 2013. Oleksy's Sur-Reply, [ECF No. 766], at 3. The only justification that GE provides for serving these people is the conclusory assertion that it needed "to insure the appearance of these witnesses at depositions and/or to secure the production of documents." Defendant General Electric's Memorandum of Law in Support of its Bill of Costs ("GE's Opening Brief"), [ECF No. 728], at 3. Such a generalized statement does not permit the Court to assess the necessity and reasonableness of each challenged service and, thus, cannot support an award of fees. *C.f. Moore v. Univ. of Notre Dame*, 22 F. Supp. 2d 896, 915 (N.D. Ind. 1998) ("As noted in Section 2 *supra,* these witnesses were never deposed. Accordingly, this expense [for service of process] is not allowable.").

Therefore, the Court awards (1) $35.00 for the six services costing as much, (2) $55.00 for the attempt to serve ITC Experts, Inc. in March 2014 (which cost $175.00), and (3) $55.00 for each of the two attempts to serve Leon Edelson during 2013 (each of which cost $98.00). This is a total of $375.00.[2]

---

[1] The parties agree that the relevant minimum charged by the U.S. Marshal is $55.00. Although it appears the Marshal's minimum may have been higher for some of the attempts, *see* 28 C.F.R. § 0.114(a)(3), the Court will accept the parties' number.

[2] This is a lower amount than Oleksy argues GE is entitled to receive. The difference between the Court's and Oleksy's numbers seems to be caused by the fact that Oleksy (1) only credits $55.00 for one of the two attempts to serve Edelson in 2013, and (2) credits $55.00 for the attempts that cost only $35.00.

## 2. Subpoena Fees: $280.00 Awarded of $627.00 Requested

The other portion of the $2,108.00 is $627.00 that GE paid seven witnesses—which GE calls "subpoena fees." GE's Reply, [ECF No. 754], at 3. GE paid these witnesses $96.00 each, $40.00 of which was for a daily appearance fee and the other $56.00 of which was for mileage costs. Oleksy does not dispute that GE is entitled to recover daily appearance costs. Instead, he objects only to the mileage costs.

28 U.S.C. § 1920(3) provides for the recovery of fees for witnesses. This includes $40.00 daily appearance fees and reasonable travel expenses, both of which 28 U.S.C. § 1821(b) requires that witnesses be paid. *Bova v. Harrison*, 2013 WL 6169192, at *2 (S.D. Ill. Nov. 25, 2013). When a party does not provide evidence of its witnesses' travel costs, however, its recovery is limited to the daily appearance fee. *See, e.g., Hall v. St. John Missionary Baptist Church*, 2010 WL 1488120, at *1 (E.D. Ark. Apr. 13, 2010); *Ulatowski v. John Sterling Corp.*, 2005 WL 643349, at *4 (N.D. Ill. Mar. 16, 2005); *Haywood v. Evergreen Motor Cars, Inc.*, 2003 WL 22220121, at *1 (N.D. Ill. Sept. 25, 2003); *Fait v. Hummel*, 2002 WL 31433424, at *3 (N.D. Ill. Oct. 30, 2002); *Liquid Dynamics*, 2002 WL 31207212, at *3.

In this case, GE's invoices simply list a flat payment of $96.00, which is described as a "subpoena fee." [ECF No. 728-3], at 4-10. In its reply brief, GE says that this amount includes "$56 for [witnesses'] mileage costs ($0.56 per mile x approximately 50 miles in each direction." GE's Reply, [ECF No. 754], at 3. But GE neither has provided any evidence of witnesses' travel nor simply stated how much each witness actually (as opposed to "approximately") traveled. GE's general reference to "approximately" 100 miles indicates that GE may be rounding or averaging the distance traveled by the witnesses. Regardless of whether that is the case, GE has

not given the Court an adequate basis to conclude that each witness' mileage costs were necessary and reasonable.

Accordingly, the Court awards $280.00 for its subpoena fees.[3]

In total, the Court awards $655.00 of the $2,108.00 listed in the Amended Bill of Costs as fees for service of summons and subpoena.

### C. Printed or Electronically Recorded Transcript Fees: $48,633.41 Awarded of $63,956.29 Requested

In the Amended Bill of Costs, GE lists $63,956.29 as fees for printed or electronically record transcripts. Amended Bill of Costs, [ECF No. 754-3], at 2. GE contends that these costs are recoverable under 28 U.S.C. § 1920(2), which permits the taxation of fees "for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Oleksy asserts that GE can recover only $27,745.17 for these fees. Oleksy's Sur-Reply, [ECF No. 766], at 15. The parties divide the relevant costs into several categories.

#### 1. Hearing Transcripts: $3,082.35 Awarded of $3,725.55 Requested

GE seeks to recover $3,725.55 for the cost of purchasing transcripts of 22 hearings. GE's Opening Brief, [ECF No. 728], at 4; [ECF No. 754-4], at 3. Oleksy argues that GE has not adequately justified the cost of expedited seven transcripts and, therefore, should be limited to $3,038.12. Oleksy's Sur-Reply, [ECF No. 766], at 14.

"Parties cannot recover the added cost of expedited transcripts unless they can show that it was reasonable and necessary to order transcripts on an expedited basis." *Neuros Co. v. KTurbo, Inc.*, 2011 WL 3841683, at *2 (N.D. Ill. Aug. 25, 2011). In this case, GE has not

---

[3] In his opening brief, Oleksy asserts that GE is entitled to recover only $280.00. Oleksy's Objections to Defendant's Bill of Costs ("Oleksy's Opening Brief"), [ECF No. 750], at 14. In his sur-reply, Oleksy claims GE can recover $40.00 for eight witnesses, totaling $320.00. Oleksy's Sur-Reply, [ECF No. 766], at 5. The disputed costs, however, only involve seven witnesses. *See* [ECF No. 728-3], at 3. Therefore, the Court finds that Oleksy's original position is correct.

carried its burden of proof with respect to five of the objected-to transcripts. GE argues that it needed to expedite a transcript of a July 30, 2013 discovery hearing to insure that it could comply with deadlines set by the Court at the hearing. GE did not order the transcript until one month after the hearing, undermining the claim of necessity. [ECF No. 728-4], at 16. GE relies on the same explanation to justify expedited transcripts of hearings on December 13, 2012 and December 19, 2012. GE's Reply, [ECF No. 754], at 4. Again, though, GE waited eight days to order the transcript of the December 13 hearing. [ECF No. 728-4], at 11. More fundamentally, GE does not indicate whether any of the discovery deadlines set at these three hearings were of such an imminent nature that GE could not wait to get the transcripts on a non-expedited basis.

GE says that it needed an expedited transcript of a March 20, 2013 *Markman* hearing to comply with Court orders from the hearing and potentially to use during upcoming deposition preparation and/or briefing. GE does not indicate what deposition, brief, or Court order required immediate action. GE further contends that it needed to expedite a transcript of a December 9 and 10, 2013, evidentiary hearing to respond to Oleksy's "'statement of facts' after the hearing," "evaluate [his] ever-changing infringement theory," and prepare redactions to the transcript itself. GE's Reply, [ECF No. 754], at 4-5. GE does not identify by when it had to respond to Oleksy's "statement of facts" or why it could not wait for the transcript in the normal course to evaluate Oleksy's theory. Further, GE has not explained why it expected that the Court would not provide adequate time to prepare redaction requests, as is the normal practice and was done with respect to this transcript. *See* [ECF No. 465] (a minute entry from December 30, 2013, stating that the parties had until January 8, 2014, to submit proposed redactions).

GE has made an adequate showing of reasonableness and necessity with respect to two expedited transcripts. GE ordered an expedited transcript of a September 23, 2013 motion

hearing on the same day that the hearing occurred because the Court instructed the parties to prepare an order memorializing the ruling at the hearing within four days. GE's Reply, [ECF No. 754], at 4; [ECF No. 728-4], at 18. Likewise, GE ordered an expedited transcript of a January 5, 2015 hearing regarding scheduling on February 10, 2015, which was just one day after Oleksy filed a schedule-related motion and two days before GE filed its response to that motion. GE's Reply, [ECF No. 754], at 4; [ECF No. 712]; [ECF No. 728-4], at 24. The Court accepts these explanations for expediting the relevant transcripts.

In summary, the Court finds that GE is entitled to recover the expedited transcript costs for the September 23, 2013 and January 5, 2015, hearings but is not entitled to recover the cost of expediting the transcripts for the other five hearings. Under Local Rule 54.1, GE can recover for the cost of these latter transcripts only "the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed." The parties agree that the regular copy rate is $3.65 per page for an original and $0.90 per page for a copy to each party. *See* http://www.ilnd.uscourts.gov/Pages.aspx?rsp2kxYIAI6Z3skP0P ESA+q3bXKkfRyo/ (listing the maximum transcript rates in this district). The recoverable amount for the December 13, 2012 daily copy is $16.20, not the sought $21.60. The recoverable amount for the December 19, 2012 daily copy is $70.20, not the sought $93.60. The recoverable amount for the March 20, 2013 expedited original is $478.15, not the sought $635.35.[4] The recoverable amount for the July 30, 2013 expedited original is $25.55, not the sought $33.95.

---

[4] Oleksy says that GE should recover $482.08 for this transcript. Oleksy's Opening Brief, [ECF No. 750], at 5. This would result in a rate of $3.68 per page because the transcript is 131 pages. *See* [ECF No. 728-4], at 13.

The recoverable amount for the December 9 and 10, 2013 expedited original is $1,365.10, not the sought $1,813.90. These reductions total $643.20.[5]

Therefore, the Court awards $3,082.35 for hearing transcripts.

### 2. Other Transcripts: $18.90 Awarded of $61.95 Requested

GE seeks to recover $61.95 that it spent for one expedited transcript of a May 21, 2013 meet and confer related to anticipated briefing. GE's Reply, [ECF No. 754], at 14; [ECF No. 754-4], at 4. Olesky argues that GE can recover only $18.90 because it has not sufficiently shown that expediting this transcript was necessary and reasonable.

GE says that it needed to expedite the transcript because Oleksy ordered a transcript of the meet and confer and GE might need to respond to "claims made by Oleksy regarding the meet and confer." GE's Reply, [ECF No. 754], at 5. This explanation is insufficient. Essentially, it boils down to speculation by GE that some unknown issue that required immediate action might arise, with no basis except that the meet and confer related to active matters in the case. Therefore, the Court awards $18.90 of the $61.95 that GE spent for other transcripts.

### 3. Deposition Transcripts, Video, and Exhibits: $45,532.16 Awarded of $60,168.75 Requested

GE seeks to recover $60,168.75 that it spent for deposition transcripts, videotapes, and exhibits. GE's Reply, [ECF No. 754], at 14. Olesky argues that GE can recover only $24,688.15 of this amount. Oleksy' Sur-Reply, [ECF No. 766], at 14. The parties break these costs into several categories.

---

[5] Oleksy sought a reduction of $687.43. The reductions that Oleksy sought to the September 23, 2013 and January 5, 2015 transcripts, which this Court does not find are proper, totaled $48.06. Also, as explained in footnote 4, Oleksy's reduction as to the March 20, 2013 transcript should have been larger by $3.93.

11

### i. Deposition Videotapes and DVDs: $20,762.06 Awarded of $20,762.06 Requested

GE seeks to recover $20,762.06 for the videotaping of depositions. GE's Reply, [ECF

No. 754], at 14; *see* [ECF No. 754-5], at 9-12 (listing the objected-to fees). Oleksy argues that

GE cannot recover any of this amount. Oleksy' Sur-Reply, [ECF No. 766], at 14.

Oleksy contends that there is a "general rule" in this district that a party cannot recover

the cost of videotaping a deposition when it also purchases a transcript of the deposition. *Id.*

The Seventh Circuit, though, has held that "the costs of both video-recording and stenographic

transcription" may "be taxed to the losing party." *Little v. Mitsubishi Motors N. Am., Inc.*, 514

F.3d 699, 702 (7th Cir. 2008); *see also Intercontinental Great Brands LLC v. Kellogg N. Am.

Co.*, 2016 WL 316865, at *2 (N.D. Ill. Jan. 26, 2016); *In re Text Messaging Antitrust Litig.*, 2014

WL 4343286, at *6 (N.D. Ill. Sept. 2, 2014). "[T]he standard is whether it was reasonably

necessary for counsel to obtain both." *Text Messaging*, 2014 WL 4343286, at *6.

Reasonableness may be established where there is uncertainty as to whether a witness will

appear at trial. *See Wells v. Johnson*, 2012 WL 3245955, at *3 (N.D. Ill. Aug. 6, 2012) ("A

video deposition of Ellerbe was reasonably necessary, given the parties' uncertainty as to

whether she would appear to testify at trial."); *Fairley v. Andrews*, 2008 WL 961592, at *11

(N.D. Ill. Apr. 8, 2008) (awarding videotaping costs when "there was a reasonable possibility

that [non-party deponents] would be unavailable for trial"); *see also Corcoran v. City of

Chicago*, 2015 WL 5445694, at *7 (N.D. Ill. Sept. 15, 2015) (finding videotaping the deposition

of a former party employee who potentially was a hostile witness to be reasonable). Under this

standard, videotaping a deposition may be reasonable when a witness is outside the court's

subpoena power, although this factor alone may not be dispositive. *See, e.g., Kellogg*, 2016 WL

316865, at *2 (finding that videotaping a deponent outside of the court's subpoena power was

reasonable); *Merix Pharm. Corp. v. Clinical Supplies Mgmt., Inc.*, 106 F. Supp. 3d 927, 937 (N.D. Ill. 2015), *appeal dismissed* (Sept. 21, 2015) (same).

In this case, GE represents that many of the videotaped deponents were either Oleksy's witnesses or third party witnesses who, in both instances, were outside GE's custody and control. The Court understands this to mean, among other things, that the witnesses also were out of the reach of the Court's subpoena power. Oleksy does not present a contrary set of facts. Thus, the Court is satisfied that videotaping such witnesses' depositions was reasonable.

According to GE, all of the other witnesses for whom GE is seeking to recover videotaping fees were deposed by Oleksy and Oleksy obtained videotapes of the depositions. Again, Oleksy does not dispute these facts. In such a situation, GE's decision to obtain video-recordings was not unreasonable. *See Kellogg*, 2016 WL 316865, at *2 ("[I]t was . . . reasonable and necessary for Kellogg to procure the video recordings . . . because IGB's counsel ordered these depositions and obtained video recordings."); *Dairy Farmers*, 80 F. Supp. 3d at 856 ("It would be unfair to allow Plaintiffs access to video recordings of transcripts for possible use at trial and to deny Schreiber the right to obtain those same video tapes (and, of course, to tax the Plaintiffs for them upon prevailing)."); *Top Tobacco, L.P. v. N. Atl. Operating Co.*, 2007 WL 1149220, at *7 (N.D. Ill. Apr. 17, 2007) ("Knowing that its opponent possessed video tapes of these depositions, it was reasonable and necessary for North Atlantic to obtain copies.").

For all of these reasons, the Court awards $20,762.06 for videotaping fees.

### ii.    Rough Drafts/ASCII: $0.00 Awarded of $1,499.50 Requested

GE seeks to recover $1,499.50 for the cost of rough draft transcripts of nine depositions for which it also ordered final transcripts. GE's Reply, [ECF No. 754], at 14. "The costs of additional services, beyond the regular transcription service, are not recoverable when incurred

13

solely for the convenience of counsel." *DSM Desotech, Inc. v. 3D Sys. Corp.*, 2013 WL

3168730, at *4 (N.D. Ill. June 20, 2013). Generally, draft transcripts "are considered to be

obtained for the convenience of counsel." *Id.* Where the prevailing party does not provide an

adequate explanation of its need for draft transcripts, the costs related to them should not be

awarded. *Lawson v. Sun Microsystems, Inc.*, 2016 WL 231317, at *2 (S.D. Ind. Jan. 19, 2016);

*Fait*, 2002 WL 31433424, at *2.

GE offers one explanation for its decision to order draft transcripts of the nine depositions

taken between October 30, 2014, and December 12, 2014 (with all but one occurring in the last

three days of that range). GE says that one of Oleksy's experts had to cancel a previous

deposition on short notice because of a medical emergency, leading to a one-month extension of

the expert discovery period.[6] GE does not claim, though, that it had to complete this expert's

deposition before taking the other depositions for which it ordered a draft. In fact, two of the

other depositions were taken before the rescheduled deposition and four others were taken on the

same day as it. More fundamentally, Oleksy represents that he gave GE multiple opportunities

to depose his experts early during the expert discovery period. Oleksy's Sur-Reply, [ECF No.

766], at 7. According to Oleksy, GE chose to depose his experts at later dates. Nothing in GE's

briefs refutes this narrative or explains why GE chose to wait. Therefore, the Court will not

award the cost of these draft transcripts.

### iii.    Shipping/Delivery of Transcripts: $0.00 Awarded of $394.00 Requested

GE seeks to recover $394.00 for fees incurred for shipping and delivery of transcripts.

GE's Reply, [ECF No. 754], at 14. Oleksy argues that GE cannot recover any of this amount.

As GE points out, a district court "may award deposition shipping costs as 'incidentals' in . . .

---

[6] After the extension, the discovery period closed less than two weeks before the deadline for filing summary judgment and *Daubert* motions.

[its] discretion." *Chicago Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC*, 2014 WL 125937, at *3 (N.D. Ill. Jan. 14, 2014). As a general rule, though, "costs associated with delivery, shipping, or handling transcripts are ordinary business expenses and are not recoverable." *Id.*; *see also Kellogg*, 2016 WL 316865, at *3; *Pezl v. Amore Mio, Inc.*, 2015 WL 2375381, at *4 (N.D. Ill. May 13, 2015); *Ramirez v. Illinois Dep't of Human Servs.*, 2015 WL 1593876, at *4 (N.D. Ill. Apr. 2, 2015). The Court will follow the general rule and not award the shipping and delivery costs.

### iv. Exhibit Copies: $0.00 Awarded of $6,220.50 Requested

GE seeks to recover $6,220.50 for copies of exhibits used during depositions. GE's Reply, [ECF No. 754], at 14. Such costs may be recoverable in certain circumstances. *SP Techs.*, 2014 WL 300987, at *6. But, when copies of exhibits are provided during discovery or at a deposition, a party cannot recover the cost of making additional copies for the convenience of its attorneys. *Id.* The burden is on the prevailing party to show that the exhibits for which it wants to tax costs were more than just extra copies. *Am. Safety Cas. Ins. Co. v. City of Waukegan*, 2011 WL 6437535, at *5 (N.D. Ill. Dec. 20, 2011), *report and recommendation adopted*, 2012 WL 929048 (N.D. Ill. Mar. 19, 2012); *Boyle v. Torres*, 2011 WL 899720, at *2 (N.D. Ill. Mar. 15, 2011); *Srail v. Vill. of Lisle, Ill.*, 2008 WL 5272459, at *3 (N.D. Ill. Dec. 15, 2008).

Oleksy argues that GE has not shown the exhibit copies were not produced during discovery or provided at the deposition. He also represents that, at "most, if not all, depositions in this case," the parties followed the customary practice of providing a physical copy of every exhibit to opposing counsel and the witness. Oleksy's Response Brief, [ECF No. 750], at 10. When responding to these points, GE only notes "such costs are permissible," without attempting

to show that the copies were not simply extras for its attorneys' convenience. On the record now before the Court, it is not clear whether GE is seeking the cost of providing a single copy to each witness and lawyer, or made the copies for some other purpose before or after the deposition. Because the Court cannot assess the reasonableness of these costs, the Court will not award the cost of copies of exhibits used during depositions.

### v. Expedited Transcripts: $0.00 Awarded of $6,522.60 Requested

GE seeks to recover $6,522.60 spent to expedite 14 deposition transcripts. GE's Reply, [ECF No. 754], at 14. As explained previously, the "additional cost of expedited transcripts is not recoverable unless [GE] can show that the expedited transcripts were reasonable and necessary." *Winery v. City of Chicago*, 2000 WL 1222152, at *2 (N.D. Ill. Aug. 22, 2000). GE has attempted to satisfy this burden by explaining that many of the depositions occurred within a month of hearings, depositions, or filing deadlines. Oleksy represents, however, that he offered eleven of the deponents to GE at earlier dates and that GE chose to wait to depose them until late in the discovery process. As the Seventh Circuit has recognized, a prevailing party "cannot wait until the last minute, incur additional expenses from its delay, and then stick [the other party] with the bill." *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 457 (7th Cir. 1998).

Even with respect to the other three transcripts, it is not clear that expediting them was necessary and reasonable. GE has not explained why it could not have taken the depositions of John Hawley, Stephen Jordan, or Meung Kim earlier in the discovery process. Moreover, Hawley's deposition was conducted a month before the then-existing deadline for *Daubert* motions, which was the supposed impetus for expediting the transcript. There is no immediately apparent reason (and no other provided by GE) as to why GE needed the transcript within three days. Similarly, Jordan's deposition occurred 19 days before the hearing for which GE says his

deposition testimony "was potentially important." GE's Reply, [ECF No. 754], at 11. GE again fails to explain why it needed the transcript within three days of the deposition.

For all of these reasons, the Court will not award these expediting costs.

### vi. Appearance Fees: $348.75 Awarded of $348.75 Requested

GE seeks to recover $348.75 in court reporter appearance fees for the depositions of Leon Edelson ($191.50) and Kent Hanson ($157.50). GE's Reply, [ECF No. 754], at 14. Oleksy points out that a court reporter's appearance fee is capped at $110.00 for a half day and $220.00 for a full day. He argues that the fee for Edelson's deposition should be capped at $110.00 because the reporter may have appeared for half a day. GE says that the reporter appeared for 4.25 hours, and the relevant invoice reflects as much, [ECF No. 728-5], at 24. Oleksy does not dispute the premise that the full day limit applies when a court reporter appears for more than 4 hours. Therefore, the Court awards $348.75 for these appearance fees.

### vii. Transcripts and Other Expenses: $24,421.35 Awarded of $24,421.35 Requested

GE seeks to recover $24,421.35 for transcripts and other expenses. GE's Reply, [ECF No. 754], at 14. Oleksy does not object to this request. Therefore, the Court awards the entire $24,421.35.

In total, the Court awards $45,532.16 for fees for deposition transcripts, video, and exhibits. Adding this to the costs of hearing and other transcripts, the Court awards $48,633.41 for printed or electronically recorded transcript fees.

### D. Fees for Witnesses and Other Costs: $22,887.26 Awarded of $35,321.30 Requested

In the Amended Bill of Costs, GE lists $15,668.80 as fees for witnesses and $19,652.50 as "[o]ther costs." Amended Bill of Costs, [ECF No. 754-3], at 2. These costs, totaling

17

$35,321.30, are comprised of appearance, travel, subsistence, and testifying fees for fact and expert witness. *See* GE's Reply Brief, [ECF No. 754], at 14-15. Oleksy does not object to the $19,652.50 that GE seeks in testifying fees but does object to at least a portion of the other fees.

### 1. Fact Witnesses: $2,894.51 Awarded of $11,878.62 Requested

28 U.S.C. §§ 1821 and 1920(3) provide that a witness' daily appearance fee and travel, lodging, and subsistence expenses are taxable. *Majeske*, 218 F.3d at 825-26; *Stallings v. City of Johnston City*, 2016 WL 4474683, at *3 (S.D. Ill. Aug. 25, 2016); *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 2014 WL 1097471, at *3 (N.D. Ill. Mar. 20, 2014); *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 971 (N.D. Ill. 2010)

### i. Appearance Fees: $0.00 Awarded of $1,560.00 Requested

A summary table submitted by GE lists $40.00 daily fees paid to twenty fact witnesses for their appearances at depositions and hearings. [ECF No. 728-6], at 3. Because five witnesses appeared for multiple days, the list reports a total expenditure of $1,560.00.

Oleksy argues that GE has not submitted the documentation necessary to show that these fees actually were paid. GE admits that it "has not submitted invoices or records to show that it paid" these fees. GE's Opening Brief, [ECF No. 728], at 8 n.2. GE claims that it need not do so and cites one district court case from Texas for the proposition that attendance fees can be recovered even if the prevailing does not pay them. *Id.* (citing *Rundus v. City of Dallas*, 2009 WL 3614519, at *1 (N.D. Tex. Nov. 2, 2009)). The Court finds GE's assertion unconvincing. "[T]he prevailing party must prove with evidence and not merely with *ipse dixit* statements—that the costs *were actually incurred*, were reasonable in amount, and were necessary." *Trading Techs.*, 750 F. Supp. 2d at 969 (emphasis added); *see also Am. Safety Cas. Ins. Co. v. City of Waukegan*, 2011 WL 6378817, at *5 (N.D. Ill. Dec. 20, 2011) ("By merely stating a dollar

amount in its reply brief, but failing to provide any evidentiary support for this figure, Scottsdale

has not met is burden."). Therefore, the Court will not award GE's fact witness appearance fees.

### ii.    Travel Fees ($1,737.51 of $8,858.62 Awarded) and Subsistence Fees ($1,157.00 of $1,460.00 Awarded)

GE paid $8,858.62 in fact witness travel fees and $1,460.00 in fact witness subsistence

fees. GE's Reply, [ECF No. 754], at 15; [ECF No. 728-6], at 5. These expenses were incurred

for five trips taken by four witnesses. Oleksy objects to GE's request for the travel cost of two

trips: Stephen Jordan's trip from Worcestershire, United Kingdom, to New York, New York, and

Anthony Walsh's trip from Atlanta, Georgia, to New York, New York. Collectively, these cost

$7,121.11. Oleksy also objects to the subsistence fees for Jordan's trip to New York and argues

that GE's recovery for subsistence fees should be limited to $1,157.00.

Both of Oleksy's objections are based on the same premise. Neither Jordan nor Walsh

was deposed near his residence or place of work. The former resided in (and presumably worked

near) Worcestershire and the latter in Atlanta. Yet both were produced for their depositions at

GE's counsel's office in New York. According to Oleksy, "GE unilaterally offered its

witnesses" at this location because it "was convenient [for] GE's lawyers." Oleksy's Sur-Reply,

[ECF No. 766], at 11. If this is an accurate description of the facts, then Oleksy's objection has

merit.

A prevailing party cannot recover a witness' travel costs if they were "incurred to avoid

travel costs of attorneys." *Movitz v. First Nat. Bank of Chicago*, 982 F. Supp. 571, 576 (N.D. Ill.

1997). As a general rule, "a party cannot recover travel related costs incurred by attorneys."

*Native Am. Arts, Inc. v. Indio Prod., Inc.*, 2012 WL 729291, at *2 (N.D. Ill. Mar. 6, 2012). To

allow a party to transform attorney travel costs into witness travel costs by changing the location

of a deposition would frustrate this principle. Where a party chooses a deposition location based

on its attorney's convenience and thereby creates additional witness travel and subsistence expenses, the party cannot recover that cost. *See SP Techs.*, 2014 WL 300987, at *6 ("In short, the witness's travel expenses would not have been incurred if Vigreux and Shamos had been deposed in their home locations.").

GE's only response to this point is its assertion that Oleksy agreed to depose Jordan and Walsh in New York. As noted above, Oleksy tells a different story. There is no evidence in the record that allows the Court to determine which side's version of events is accurate. Because GE bears the burden of proof, the Court will not award GE the objected-to costs.

Therefore, the Court will award GE the $2,894.51 in fact witness travel and subsistence costs.

In total, the court will award GE $2,894.51 in fact witness costs.

### 1. Expert Witnesses: $19,992.75 Awarded of $23,442.68 Requested

GE seeks to recover $23,442.68 in expert witness fees. This consists of $440.00 in appearance fees, $2,016.18 in travel fees, $1,334.00 in subsistence fees, and $19,652.50 in testifying fees.

### i. Appearance Fees: $0.00 Awarded of $440.00 Requested

A summary table submitted by GE lists $40.00 daily fees paid to four expert witnesses for their appearances at depositions and hearings. [ECF No. 728-6], at 3. Because one witness appeared for multiple days, the list reports a total expenditure of $440.00. Oleksy's objection to these costs is the same as his objection to the fact witness appearance fees. The relevant portion of the record also is in the same deficient state. For the same reasons discussed above, the Court will not award the expert witness appearance fees.

ii.    **Travel ($66.25 of $2,016.18 Awarded) and Subsistence ($274.00 of $1,334.00 Awarded) Fees**

GE paid $2,016.18 in expert witness travel fees and $1,334.00 in expert witness subsistence fees. GE's Reply, [ECF No. 754], at 15; [ECF No. 728-6], at 6. These expenses were incurred through three trips taken by three witnesses. Oleksy objects to GE's request for the cost of Carl Degen's and Frank Pfefferkorn's trips from Madison, Wisconsin to New York, New York.

Oleksy's argument parallels the one he asserted with respect to the fact witnesses. He notes that both experts lived and worked in Madison. He explains that he wanted to depose both in either Madison or Chicago. And he claims that GE refused for its own attorneys' convenience. GE again responds by saying that the parties agreed to depose both experts in New York, a fact that appears to be contested. For the reasons discussed above, this is insufficient to carry GE's burden and the Court will not award the objected-to travel and subsistence fees.

Therefore, the Court awards $66.25 for expert witness travel fees and $274.00 for expert witness subsistence fees.

iii.    **Testifying Fees: $19,652.50 Awarded of $19,652.50 Requested**

GE seeks $19,652.50 in expert witness testifying fees. Oleksy does not object to this request. Therefore, the Court will award the full amount.

In total, the Court will award GE $19,992.75 in expert witness costs.

**E.  Copying and Printing Fees: $21,338.28 Awarded of $47,628.50 Requested**

In the Amended Bill of Costs, GE lists $47,628.50 as fees for copying and printing. Amended Bill of Costs, [ECF No. 754-3], at 2. These costs are broken into three categories: electronic document production ($20,750.54), copying ($587.74), and demonstrative exhibits ($26,290.22). GE's Reply, [ECF No. 754], at 15. GE argues that these costs are taxable under

28 U.S.C. § 1920(4). Oleksy objects only to the last of these three categories, asserting that GE should not recover any of the money that it spent on demonstrative exhibits. Oleksy's Sur-Reply, [ECF No. 766], at 15. The parties' dispute hinges on whether GE has carried its burden to show that its demonstrative exhibits were "necessarily obtained for use in the case." *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000) (quoting 28 U.S.C. § 1920(4)).

A court cannot merely accept a party's generalized and conclusory assertion that its demonstrative exhibit was necessary to the pursuit of its case. *Trading Techs.*, 750 F. Supp. 2d at 981. To determine whether an exhibit was necessary, a court must assess whether an exhibit was "'vital to the presentation of that information, or was . . . merely a convenience or, worse, an extravagance'" by considering factors such as "'whether the nature and context of the information being presented genuinely called for the means of illustration that the party employed.'" *Leggett & Platt, Inc. v. Hickory Springs Mfg. Co.*, 149 F. Supp. 2d 394, 397 (N.D. Ill. 2001) (quoting *Cefalu*, 211 F.3d at 428). This determination must be made with respect to the particular exhibits for which the party seeks to recover its costs.

In this case, GE has made a scant showing to satisfy this burden. GE has submitted several invoices that characterize the work that went into making its exhibits in generic terms such as "graphic development" and "[b]uild[ing] 3D models and work[ing] on graphics for presentation." [ECF No. 728-7], at 28-30. In its reply brief, GE describes the exhibits at issue as graphics and animation created for use during the *Markman* and spoliation hearings that "show[ed] the functioning of a CNC machine making turbine blades, and showing the interaction of the g-code with the CNC machine." GE's Reply, [ECF No. 754], at 13. GE also "represents that its graphics were, in fact, vital to the presentation of the information in this case." *Id.* Such general descriptions of exhibits and conclusory assertions of necessity are not enough. Based on

22

this alone, the Court cannot assess whether GE's graphics and animations were vital or a convenience. *See Higbee v. Sentry Ins. Co.*, 2004 WL 1323633, at *5 (N.D. Ill. June 11, 2004) (refusing to award demonstrative exhibit costs when the prevailing party did not identify them, describe their use at trial, or include copies of the exhibits with their bill of costs). Therefore, the Court will not award GE its demonstrative exhibit costs.[7]

The Court awards the other exemplification and copying costs, which total $21,338.28.

### F. Fees for Interpretation: $1,300.00 Awarded of $1,300.00 Requested

In the Amended Bill of Costs, GE lists $1,300 for interpretation fees. Amended Bill of Costs, [ECF No. 754-3], at 2. This amount was spent for a Spanish interpreter to attend and assist at a deposition of a deponent who was not a native speaker of English. GE's Opening Brief, [ECF No. 728], at 10; [ECF No. 728-8]. 28 U.S.C. § 1920(6) permits the taxation of "compensation of interpreters." 28 U.S.C. § 1920(6). And Oleksy does not object to this cost. Therefore, the Court awards the entire $1,300.00.

---

[7] GE's failure to explain why certain specific costs related to the production of the exhibits were necessary and reasonable also would justify denying its request. *See Telular Corp. v. Mentor Graphics Corp.*, 2006 WL 1722375, at *7 (N.D. Ill. June 16, 2006) (awarding some costs related to demonstrative exhibits but declining to award fees for consultants, which GE seeks in this case, because of the lack of any "explanation as to why such services were necessary"); *see also Cascades Computer Innovation, LLC v. Samsung Elecs. Co.*, 2016 WL 612792, at *7 (N.D. Ill. Feb. 16, 2016) (finding that there is "no way to justify $50,400 in exemplification costs for a *Markman* hearing and a four-day trial" and limiting the award of costs to $12,600).

## III. CONCLUSION

For the reasons stated above, GE's Amended Bill of Costs [ECF No. 754-3] is granted in part and denied in part, and the Court awards $94,813.95 in costs.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated:  December 12, 2016